UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MERLENY SEVILLA, *Individually and on Behalf of All Others Similarly Situated*,

                  Plaintiff,

        - against -

PORFIRIO VINCENTE SAY TZUL, *et al.*,

                  Defendants.

------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-3698 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On June 30, 2021, Plaintiff Merleny Sevilla initiated this action, individually and on behalf of all others similarly situated, against Defendants Restaurante Panaderia Guate Linda Inc. ("Panaderia"), Maria Leticia Marroquin Chan[1], and Porfirio Vincente Say Tzul ("Tzul"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York labor laws.  (*See* Compl., Dkt. 1, ¶¶ 39–55.)  On May 1, 2023, Plaintiff filed the operative complaint, removing Defendant Marroquin Chan and adding Herminia Maria Tiu Pacheco ("Pacheco") as a Defendant in this case. (*See* Second Am. Compl. ("SAC"), Dkt. 48.)  On October 10, 2023, Plaintiff moved for default judgment against the remaining Defendants for a sum certain under Federal Rule of Civil Procedure ("Rule") 55(b)(1).  (*See* Mot. for Default J., Dkt. 61; Pl.'s Ltr., Dkt. 65.)  On December 20, 2023, the Clerk of Court entered default judgment in favor of Plaintiff, finding all three remaining Defendants, jointly and severally, liable in the amount of $211,601.50 plus attorneys' fees and statutory post-judgment interest.  (12/20/2023 Dkt. Order; Default J., Dkt. 66.)  On April 10, 2025, Defendants filed the motion to vacate the default judgment that is currently before the

---

[1] In the original complaint, Defendant Maria Leticia Marroquin Chan was identified by her first two names only.  (*Compare* Compl., Dkt. 1, *with* First Am. Compl., Dkt. 20.)

Court.  (Mot. to Vacate Default J. ("Mot. to Vacate"), Dkt. 72.)  For the reasons described below, Defendants' motion is denied.

## BACKGROUND

Plaintiff states that she worked at Defendant Panaderia, a business in Queens, from around December 1, 2017 until around March 1, 2021.  (SAC, Dkt. 48, ¶¶ 8–9, 27.)  According to the complaint, while Plaintiff was employed there, her tasks included cooking, preparing food, cleaning, and waiting tables.  (*Id.* ¶ 28.)  Defendants Tzul and Pacheco owned the Panaderia at the time and had power over all of its payroll and personnel decisions.  (*Id.* ¶¶ 11–16, 18–23.)  Also according to the complaint, Defendants failed to: (1) pay Plaintiff the minimum wage for her regular hours and time-and-a-half of her regular rate of pay for hours worked in excess of 40 hours in a week; (2) post notices of the minimum wage and overtime wage requirements in a conspicuous location; and (3) keep accurate and contemporaneous payroll records.  (*Id.* ¶¶ 30–36.)  Plaintiff brought this collective action on behalf of herself and other employees similarly situated, of which she estimates there are 20, for Defendants' violations of the FLSA and New York Labor Law ("NYLL").  (*Id.* ¶¶ 40–42, 52–85.)

In May and June 2023, Plaintiff filed proofs of service of the SAC on Defendants. (Dkts. 52–54.)[2]  Defendants did not appear or file an answer to the SAC.  (*See* 06/29/2023 Status Report Order.)  On August 24, 2023, Plaintiff filed a request for the Clerk of Court to enter default against Defendants.  (Req. for Certificate of Default, Dkt. 57.)  On September 1, 2023, the Clerk of Court entered Defendants' default.  (Dkt. 58.)  Defendants were served the entry of default the same week.  (Dkt. 59.)  On October 10, 2023, Plaintiff moved for default judgment for a sum

---

[2] Plaintiff also filed proofs of service showing that Defendants were served with the Complaint on August 4, 2021, (Dkts. 7–10), and with the First Amended Complaint between December 30, 2021 and January 11, 2022, (Dkts. 23–25).

certain pursuant to Rule 55(b)(1), (Mot. for Default. J., Dkt. 61; Dkt. 65), and served Defendants with her motion, (Dkt. 64). On December 20, 2023, the Clerk of Court entered default judgment against Defendants, jointly and severally, in the liquidated amount of $211,601.50, plus attorneys' fees and statutory post-judgment interest accruing pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until judgment is paid in full. (12/20/2023 Dkt. Order; Default J., Dkt. 66.)

Defendants now seek to vacate the default judgment on the grounds of mistake, inadvertence, and excusable neglect, pursuant to Rule 60(b)(1). (Mot. to Vacate, Dkt. 72, at ECF[3] 1 (citing Fed. R. Civ. P. 60(b)(1)).) They do not deny that they were served as Plaintiff claims. Instead, the motion focuses primarily on the proffered reasons why Defendant Tzul did not respond to the SAC: he lacks proficiency in English, as Spanish is his primary language; he has limited familiarity with the legal system, as his involvement with litigation is limited to a prior case concerning an automobile accident in which his son was involved; he is dedicated to his son's "serious medical issues"; and Plaintiff's attorney did not contact him further to ask if he intended to answer the complaint. (*See id.* at ECF 3; Tzul Decl., Dkt. 72-1, ¶¶ 2–5, 7, 22.) Tzul claims to have only realized the significance of the complaint once he received a garnishment order from his bank. (Mot. to Vacate, Dkt. 72, at ECF 3; Tzul Decl., Dkt. 72-1, ¶ 7.)

Tzul also denies certain allegations in the SAC, claiming that he has "always paid [his] employees the appropriate hourly rate for their work," that Plaintiff "never worked over 10 hours per day" nor 79 hours during a single week, and that Panaderia's gross income is below $500,000. (*See* Tzul Decl., Dkt. 72-1, ¶¶ 8–17.) Defendants provide as support for their motion a 2020 physician's affirmation from the litigation concerning the accident of Tzul's son, (*see* Physician's

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Aff., Dkt. 72-3); a document listing 2019 appointments for Tzul's son's medical appointments, (Dkt. 73-2); copies of checks allegedly provided to Plaintiff, (Dkt. 72-4); Plaintiff's payroll records for one week in November of 2018, (Payroll Rs., Dkt. 72-5); a timesheet for one week in January 2020, (Dkt. 73-1); copies of Plaintiff's W-2s for 2019, 2020, and 2021, (*see* W2s, Dkt. 72-6); and part of Panaderia's tax returns for 2019, 2020, and 2021, all of which list Tzul as the business's proprietor, (*see* Forms 1040, Dkt. 72-7).

To date, Plaintiff has not filed an opposition to Defendants' motion.

## LEGAL STANDARD

Rule 60(b)(1) provides that a court may set aside a judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The defaulting party bears the burden of proof. *Melo v. Milagro Grocery Corp.*, No. 21-CV-4438 (PKC) (PK), 2026 WL 366639, at *3 (E.D.N.Y. Feb. 10, 2026) (quoting *NuBridge Com. Lending REO SPV I Inc. v. KA & B Props., Inc.*, No. 22-CV-1468 (LDH) (SIL), 2023 WL 11261908, at *4 (E.D.N.Y. Oct. 18, 2023), *R. & R. adopted*, 2024 WL 1364321 (E.D.N.Y. Mar. 31, 2024)). The Second Circuit has expressed "a strong 'preference for resolving disputes on the merits'" since "a default judgment is 'the most severe sanction which the court may apply.'" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (first quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001); and then quoting *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)). But, ultimately, "[a] motion to vacate a default judgment is 'addressed to the sound discretion of the district court.'" *Id.* (quoting *State Street Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004)).

The Court's decision on a motion to vacate a default judgment "is guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause [Plaintiff] prejudice.'" *In re Orion HealthCorp, Inc.*, 95 F.4th 98, 104 (2d Cir. 2024) (quoting

*SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).  "Of these factors, willfulness carries the most weight."  *Id.* (citing *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)); *see also Jaramillo v. Banana King Rest. Corp.*, No. 12-CV-5649 (NGG) (RML), 2016 WL 1084729, at *4 (E.D.N.Y. Feb. 26, 2016) (finding willfulness alone to be sufficient to deny a motion to vacate before *Orion HealthCorp* and collecting cases), *R. & R. adopted*, No. 12-CV-5649 (NGG) (RML), 2016 WL 1108956 (E.D.N.Y. Mar. 18, 2016), *aff'd sub nom. Jaramillo v. Vega*, 675 F. App'x 76 (2d Cir. 2017) (summary order).  Similarly, a district court "has discretion to deny the motion to vacate if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense."  *McNulty*, 137 F.3d at 738 (citations omitted).

## DISCUSSION

### I.    Defendants' Default was Willful

#### A.    Willfulness Standard

The Second Circuit "has 'interpreted "willfulness," in the context of a default, to refer to conduct that is more than merely negligent or careless.'"  *In re Orion HealthCorp, Inc.*, 95 F.4th at 104 (quoting *McNulty*, 137 F.3d at 738).  But "the degree of negligence in precipitating the default is a relevant factor to be considered."  *Jaramillo*, 675 F. App'x at 76 (quoting *Green*, 420 F.3d at 108).  And "a finding of bad faith is [not] a necessary predicate to concluding that a defendant acted 'willfully.'  Rather, 'it is sufficient' to conclude 'that the defendant defaulted deliberately.'"  *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (internal citation omitted) (quoting *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998)).  Where a defendant does not deny that they received the complaints, the court's orders, or the notice of the default, and does not argue that their non-compliance was due to circumstances beyond their control, "an inference of willful default is justified."  *Id.* (citing *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455

5

(2d Cir. 2013)); *see also Murphy v. Snyder,* No. 10-CV-1513 (JS) (AKT), 2013 WL 934603, at *6 (E.D.N.Y. Mar. 8, 2013) ("In general, a defendant's failure to answer the complaint and respond to a motion for default judgment demonstrates willfulness." (citations omitted)), *R. & R. adopted,* No. 10-CV-1513 (JS) (AKT), 2013 WL 1335757 (E.D.N.Y. Mar. 29, 2013); *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf,* 241 F.R.D. 451, 454 (S.D.N.Y. 2007) ("[C]ourts have held the default to be willful when a defendant simply ignores a complaint without action." (quoting *Brown v. DeFilippis*, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988))), *aff'd*, 316 F. App'x 51 (2d Cir. 2009) (summary order).

## B.    Application

Here, Defendants do not contest any of Plaintiff's representations about service of Plaintiff's three complaints and numerous court filings or the Court's orders in this case. Defendants also recognize that "Defendant [Tzul] could have taken some action such as contacting his prior attorney." (Mot. to Vacate, Dkt. 72, at ECF 3.)  Defendants instead rely on only Tzul's proffered reasons for not answering the complaint: that English is not his first language, he is unfamiliar with the legal system, his son was dealing with medical issues, and Plaintiff's attorney did not contact him further to ask if Defendants intended to answer the complaint.[4] (*See id.*; Tzul Decl., Dkt. 72-1, ¶¶ 3–4, 7, 22.)

But none of these reasons are sufficient, individually or in aggregate, to justify the failure to answer or take any action in this case for over three years.  Defendants were served, individually and through Panaderia, with Plaintiff's three complaints, two motions for default judgment, two

---

[4] The Court puts little to no weight on this last argument.  Defendants concede that "it is not necessarily the Plaintiff's responsibility to do any more than is required by law." (*See* Mot. to Vacate, Dkt. 72, at ECF 3.)  Additionally, as discussed below, the record in this case includes direct evidence and representations by Plaintiff's counsel that Defendants, in fact, had substantial contact with Plaintiff's attorneys and the Court.

6

motions for extension of time, memorandum on damages calculations, the Clerk's entry of default, and at least four Court orders. (*See* Dkts. 7–10 (executed summons for Plaintiff's Complaint); Dkts. 23–25, 27–28, 30 (executed summons for Plaintiff's First Amended Complaint); Dkts. 34-2–34-6 (affidavits of service for Plaintiff's first motion for default judgment); Dkt. 37 (scheduling order for hearing); Dkt. 38 (certificate of service for the motion hearing); 06/13/2022 Min. Entry; 08/31/2022 Scheduling Order; 09/06/2022 Dkt. Order (scheduling hearing); 09/09/2022 Min. Entry; Dkt. 40 at ECF 2–3 (Plaintiff's motion for extension of time, including proof of service on all Defendants); Dkts. 42–43 (Plaintiff's second motion for extension of time, and affidavit of service on all Defendants); Dkt. 45 (affidavit of service for Plaintiff's damages calculations); Dkts. 51–53 (executed summonses for Plaintiff's Second Amended Complaint); Dkt. 59 (affidavit of service for Clerk's entry of default); Dkt. 64 (affidavit of service for Plaintiff's motion for default judgment).) Defendants do not claim to have taken any action with respect to any of these filings or orders. Subject to the same constraints Defendants rely on, however, Defendants reportedly handled litigation relating to Defendant Tzul's son's accident, (*see* Tzul Decl., Dkt. 72-1, ¶¶ 3–4, 6), and continued to operate a business in New York City, including preparing and filing the necessary business documentation, (*see, e.g.*, Forms 1040, Dkt. 72-7 (parts of Panaderia's tax records)). Reviewing all of these factors as a whole, the Court finds that Defendants were properly served, that Defendants' justifications do not excuse their inaction in this case, that Defendants consciously chose to ignore the substantial number of communications they received from the Court and Plaintiff, and that, accordingly, Defendants' default was willful.[5]

---

[5] *See also Quintana v. Young Blooming, Inc.*, No. 12-CV-0120 (DLI) (MDG), 2016 WL 1273231, at *6 (E.D.N.Y. Mar. 30, 2016) (finding willful default by businessowner defendants who claimed to have English limitations and medical conditions of their own but had incorporated and operated multilingual businesses, and previously retained an attorney); *Dave's Specialty Imports, Inc. v. Roduce for Less, Inc.*, No. 19-CV-7136 (LDH) (PK), 2021 WL 1207121, at *1–2

Finally, the evidence in this case also calls into question the veracity of some of Defendants' proffered reasons for their default. Defendants themselves have submitted testimony from a physician who examined Tzul's son in 2020—three years prior to Defendants' default—and opined that Tzul's son had "reached maximum medical benefit for the injuries he sustained," "would not benefit from further treatment," was "in good and normal physical condition," and was not expected "to have any future effects or disabilities as a result" of the accident in question. (Physician's Aff., Dkt. 72-3, ¶¶ 6–7.) Additionally, Defendants' claim that Plaintiff's attorney did not contact them to ask if they were going to answer the complaint is contradicted by the representations of Plaintiff's counsel that her office "spoke to Defendants . . . via telephone in Spanish, prior to the entry of default," on seven occurrences between November 2021 and June 2023, and reminded Defendants "that they were being sued and must appear in this matter and/or hire counsel at the risk of being found in default." (Pl.'s Ltr., Dkt. 70, at 2.)

Thus, because Defendants' reasons are insufficient and partially belied by the evidence, the Court finds that Defendants willfully defaulted.

---

(E.D.N.Y. Mar. 31, 2021) (finding willful default where defendant, a businessperson, admitted receiving notice of default and failing to contact a lawyer, but claimed that the Covid-19 pandemic and unfamiliarity with the legal system hampered their ability to respond); *Jamarillo*, 2016 WL 1084729, at *4 (finding willful default where defendant, a successful businessperson, received "many documents" but alleged lack of familiarity with English and the American legal system, and reasoning that "forwarding the documents to [defendant's] company's attorney would simply have been a matter of common sense" (collecting cases)); *Gov't Emps. Ins. Co. v. MC Physical Therapy, P.C.*, No. 23-CV-3536 (OEM) (PK), 2024 WL 4648143, at *5–6 (E.D.N.Y. Sep. 12, 2024) (reasoning that defaulting defendant's fear or confusion does not excuse default where they had knowledge of the case and failed to act).

## II.   Defendants Have Not Demonstrated a Meritorious Defense

### A.   Meritorious Defense Standards

"Whether a defense is meritorious 'is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'" *In re Orion HealthCorp, Inc.*, 95 F.4th at 105 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).   The defaulting defendant "need only meet a low threshold to satisfy this factor." *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (internal quotation marks omitted) (collecting cases).   "A court will find that a 'defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *E. Sav. Bank, FSB v. Johnson*, No. 13-CV-6070 (AMD) (ST), 2020 WL 1452461, at *2 (E.D.N.Y. Mar. 25, 2020) (citation modified) (quoting *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013)).   But "a defendant 'must present more than conclusory denials when attempting to show the existence of a meritorious defense.'" *Id.* (quoting *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001)); *see also Cordero v. AT&T*, No. 15-CV-5601 (RRM) (ST), 2017 WL 52591, at *4 n.8 (E.D.N.Y. Jan. 4, 2017) ("A defendant seeking to vacate a default judgment bears the burden of offering evidence sufficient to establish a complete defense." (citation omitted)).

### B.   Application

Defendants argue that they have a meritorious defense because Defendant Tzul denies Plaintiff's allegations about her work and pay conditions, as substantiated by the evidence Defendants have now provided. (*See* Mot. to Vacate, Dkt. 72, at ECF 4–5.) Defendants also claim that Defendant Panaderia is not a covered employer under the Fair Labor Standards Act, since it

9

earns less than $500,000 in gross profits annually and is a "single location, local restaurant[]."[6] (*See id.* at ECF 5.)

### 1.     Defendants Fail to Show a Viable Factual Defense

Defendants' allegations that they followed the correct practices regarding the wage payments find scant, if any, support in the extremely few records they provide. The alleged copies of Plaintiff's W-2s and checks include no details as to Plaintiff's wage rate or the hours she worked. (*See* Dkt. 72-4; W2s, Dkt. 72-6.)   The sole documents provided by Defendants bearing on Plaintiff's work hours cover only two weeks—approximately 1% of the over three years of employment at issue. (*See* Payroll Rs., Dkt. 72-5; Dkt. 73-1; SAC, Dkt. 48, ¶¶ 27, 30.) The same is true for at least part of Defendants' arguments regarding FLSA's application.   Although Defendants provide tax forms suggesting that their revenue is below $500,000, Defendants provide no evidence or specifics, other than Tzul's conclusory statement that Panaderia "do[es] not sell goods across state lines," regarding Defendants' or Plaintiff's involvement in interstate commerce. (Tzul Decl., Dkt. 72-3, ¶ 15.)   Tzul's statements thus have virtually no support in the record and, without more, are simply conclusory denials, insufficient to meet Defendants' burden to establish

---

[6] As discussed below, Defendants do not explicitly contest that they are engaged in interstate commerce or that Plaintiff, while working for Defendants, engaged in interstate commerce or in the production of goods for interstate commerce. Instead, Defendants state only that the Panaderia is a "local bakery and restaurant" that "do[es] not sell goods across state lines," (Tzul Decl., Dkt. 72-1, ¶ 15), and that "District Courts within New York City have found that single location, local restaurants such as Panaderia []are not engaged in interstate commerce," citing only one such case, (Mot. to Vacate, Dkt. 72, at ECF 5 (citing *Lamont v. Frank Soup Bowl, Inc.*, No. 99-CV-12482 (JMS), 2001 WL 521815, at *2 (S.D.N.Y. 2000)).) But, as discussed *infra*, Defendants' reliance on this lone decision and their assertion that Panaderia does not sell goods across state lines is simply insufficient to establish a meritorious defense under the FLSA.

a meritorious defense.[7]  Accordingly, Defendants have not met their burden to establish that they would be able to mount a meritorious defense against Plaintiff's allegations of labor law violations.

### 2. Defendants Fail to Show a Viable Legal Defense

Defendants' arguments as to the coverage of the FLSA are also unavailing.  The FLSA wage and overtime provisions apply to plaintiffs who are engaged in interstate commerce.  *See Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) (citing 29 U.S.C. § 207(a)(1)).  A plaintiff satisfies the "engaged in commerce" factor by establishing either that she "personally engaged in interstate commerce or in the production of goods for interstate commerce," ("individual coverage") or that her employer was "an enterprise engaged in interstate commerce or in the production of goods for interstate commerce" ("enterprise coverage").  *See id.* (citation omitted); 29 U.S.C. §§ 206(a), 207(a)(1); *Albim v. 1656 Wireless Inc.*, No. 23-CV-1732 (DG) (RML), 2025 WL 2791384, at *5 (E.D.N.Y. Sep. 8, 2025) (citation omitted).  Defendant Tzul's assertion that Panaderia does not meet the $500,000 revenue threshold is relevant only to FLSA's "enterprise" coverage, *see* 29 U.S.C. § 203(s)(1)(A)(ii), but does not establish a *complete* defense

---

[7] In fact, Defendants do not contest Plaintiff's assertion that "Defendants willfully failed to keep accurate and contemporary payroll records," as required by the FLSA and NYLL.  (SAC, Dkt. 48, ¶ 36; *see* Mot. to Vacate, Dkt. 72, at ECF 4, ECF 4 n.1 (stating that "Defendants['] records are incomplete" and requesting permission to supplement the motion "with additional documents should defendant locate them"); Tzul Decl., Dkt. 72-1, ¶ 18.)  Keeping adequate records of employees' time and pay is the employer's "non-delegable" duty.  *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011) (citing, *inter alia*, 29 U.S.C. § 211(c)).  Under both the FLSA and the NYLL, an employer's failure to keep adequate records lowers the plaintiff's burden of proof regarding evidence of their time and hours.  *See id.* at 362 (explaining that under the FLSA, "if an employer's records are inaccurate or inadequate, an employee need only present 'sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference'" (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946))); *Sanchez v. Clipper Realty, Inc.*, No. 21-CV-8502 (KPF), 2026 WL 496555, at *15 (S.D.N.Y. Feb. 23, 2026) (explaining that under NYLL Section 196-a, "when an employer fails to keep adequate records, the burden shifts to the employer" (citation modified)).  Thus, Defendants' self-described "incomplete" records show, if anything, that they are *less likely* to have a meritorious defense to Plaintiff's wage-and-hour claims.

against FLSA liability where Plaintiff may recover under individual coverage.  *See Day An Zhang v. L.G. Apparel Inc.*, No. 09-CV-3240 (KAM) (SMG), 2011 WL 900183, at *3 (E.D.N.Y. Feb. 18, 2011) ("[A]ny employee 'engaged in commerce or in the production of goods for commerce' is covered by the FLSA, irrespective of whether his or her employer is an enterprise engaged in commerce as statutorily defined." (citation omitted)), *R. & R. adopted*, No. 09-CV-3240 (KAM) (SMG), 2011 WL 900950 (E.D.N.Y. Mar. 15, 2011).

Critically, Defendants have not presented *any* defense claiming that FLSA's individual coverage does not apply.  Even if the Court were to consider such a claim, Defendants have not provided a sufficient basis to find that individual coverage would not apply.  Specifically, Defendants provide no evidence as to whether Plaintiff engaged in interstate commerce, beyond Defendant Tzul's statement that Panaderia "do[es] not sell goods across state lines." (Tzul Decl., Dkt. 72-1, ¶ 15.)[8]  Without more, Defendants "present [no] more than conclusory denials [in] attempting to show the existence of a meritorious defense."  *See E. Sav. Bank, FSB v. Johnson*, No. 13-CV-6070 (AMD) (ST), 2020 WL 1452461, at *2 (E.D.N.Y. Mar. 25, 2020) (quoting *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001)).  Accordingly, Defendants

---

[8] The Court notes that here, Plaintiff claims that her job responsibilities involved cooking, preparing food, waiting tables, cleaning, and "miscellaneous duties," (SAC, Dkt. 48, ¶ 28), and at least one court in this district has found that restaurant employees with such responsibilities are generally presumed to be engaged in interstate commerce as defined by the FLSA's individual coverage provision.  *See Chavez v. Roosevelt Tropical Corp.*, No. 23-CV-2413 (EK) (PK), 2024 WL 4244087, at *5 (E.D.N.Y. Aug. 21, 2024) ("It is reasonable to infer that a restaurant worker engaged in food service tasks handled tools and materials that were moved or produced in interstate commerce." (citation omitted)), *R. & R. adopted*, No. 23-CV-2413 (EK) (PK), 2024 WL 4242218 (E.D.N.Y. Sep. 18, 2024).

have failed to meet their burden to establish a meritorious and complete defense against FLSA coverage and thus against Plaintiff's FLSA claims in this case.[9]

*     *     *

Thus, Defendants have failed to show that they could mount any complete defense to Plaintiff's FLSA claims at trial.  Having decided that Defendants' default was willful and that they would not be able to mount a meritorious defense, the Court need not consider the potential prejudice to Plaintiff and denies Defendants' request to vacate the judgment.  *See McNulty*, 137 F.3d at 738 (citations omitted).

**CONCLUSION**

The Court finds that Defendants willfully defaulted and cannot mount a meritorious defense in this case.  Additionally, the Court denies Defendants' request to revisit damages since Defendants have not met their burden to disturb the judgment and have not otherwise provided sufficient evidence to contradict Plaintiff's allegations.  Thus, for the reasons stated above, Defendants' motion to vacate default judgment is denied in its entirety.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  March 30, 2026
        Brooklyn, New York

---

[9] Defendants do not argue that they are not covered by New York's labor laws.  The Court therefore deems that argument as conceded by Defendants.